**Jason L. FELDERS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3388.

United States Court of Appeals, Federal Circuit.

Feb. 13, 2002.

Before MAYER, Chief Judge,
SCHALL, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Jason L. Felders petitions for review of the decision of the Merit Systems Protection Board ("Board") that dismissed as untimely his petition for review of an initial decision of an administrative judge. *Felders v. Postal Service*, 89 M.S.P.R. 216 (2001). We *affirm*.

## DISCUSSION

### I.

Effective June 1, 1996, Mr. Felders was removed from his position with the Postal Service for violating a last chance settlement agreement, unsatisfactory attendance, continuous absence without leave, and improper conduct/conduct unbecoming a supervisor. Mr. Felders appealed his removal to the Board. On October 11, 1996, the administrative judge to whom the appeal was assigned dismissed the appeal without prejudice pursuant to Mr. Felders' request. The order dismissing the appeal informed Mr. Felders that he could refile his appeal no later than 60 days from the date of the dismissal, by December 10, 1996. Mr. Felders refiled his appeal one day late on December 11, 1996. Thereafter, by an initial decision dated January 17, 1997, the administrative judge dismissed the appeal as untimely, after concluding that Mr. Felders had failed to establish good cause for his late filing. The initial decision informed Mr. Felders that he had until February 21, 1997 to file a petition for review.

Mr. Felders did not file a timely petition for review, and the administrative judge's initial decision therefore became the final decision of the Board with respect to Mr. Felders' attempt to refile his appeal. However, nearly four years later, on January 31, 2001, Mr. Felders asked the Board to reopen his appeal. The Clerk of the Board acknowledged the request as an untimely filed petition for review and ordered Mr. Felders to show good cause for his delay in petitioning for review. After considering Mr. Felders' response to the show-cause order, the Board concluded that Mr. Felders had failed to explain his lengthy delay in petitioning for review of the January 17, 1997 initial decision. The Board also declined to exercise its authority to reopen the appeal pursuant to 5 C.F.R. § 1201.118. Accordingly, the Board ordered that the January 17, 1997 initial decision remain the final decision of the Board with respect to Mr. Felders' attempt to refile his appeal.

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision

unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;' obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). Before the Board, Mr. Felders had the burden of establishing that his delay in filing his petition for review was excusable. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992)(en banc). When determining whether an appellant has shown good cause for an untimely filing, the Board considers the length of the delay, the reasonableness of the appellant's excuse and any showing of due diligence, whether the appellant is proceeding *pro se*, whether the appellant has presented evidence of the existence of circumstances beyond his or her control that affected the appellant's ability to comply with the applicable time limit, and whether the appellant suffered some unavoidable casualty or misfortune that caused the appellant's filing to be untimely. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed.Cir.1994). Finally, whether the time limit for a filing deadline should be waived based upon a showing of good cause is a matter entrusted to the Board's discretion, and we will not substitute our judgment for that of the Board. *Mendoza*, 966 F.2d at 653.

We see no reason to disturb the Board's conclusion that Mr. Felders failed to establish good cause for his delay of almost four years in filing his petition for review. From the record, it does not appear that Mr. Felders made any effort before the Board to explain his lengthy delay. Rather, he advanced arguments relating to the merits of the agency's removal action against him. On appeal, Mr. Felders argues that he had problems receiving his mail, that he could not receive phone calls, and that he was "in prison during this period." Aside from the fact that these arguments were not presented to the Board, they are really nothing more than unsupported assertions. In any event, even if they are considered and are accepted at face value, they do not explain Mr. Felders' lengthy delay in filing his petition for review.

For the foregoing reasons, the decision of the Board is affirmed.

No costs.